# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                      No. CR 15-3550 JB

MARCOS BARELA,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant Marcos Barela's Amended Objections to Pre-Sentence Report, filed July 26, 2016 (Doc. 38)("Objections").  The Court held a sentencing hearing on July 27, 2016.  The primary issues are: (i) whether robbery under New Mexico state law constitutes a "crime of violence" under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2(a), and (ii) whether an enhancement under U.S.S.G. § 2K2.1(b)(6)(B), applicable for the  possession of any firearm in connection to another felony, should apply where Defendant Marcos Barela was found in possession of a firearm in connection with the New Mexico state "felony offense[] of Possession of a Controlled Substance." Addendum to the Presentence Report, filed July 21, 2016, at 1-2 (Doc. 35)("Addendum").  <u>See</u> Objections at 1, 5; Presentence Investigation Report, filed May 26, 2016, at 5, ¶ 20 (Doc. 30)("PSR").  Because the Court concludes that (i) New Mexico's robbery statute constitutes a "crime of violence" under § 4B1.2(a) and its accompanying commentary, and that (ii) the firearm enhancement should apply given <u>United States v. Justice</u>, 679 F.3d 1251 (10th Cir. 2012), the Court overrules both of Barela's objections.

I.   **THE COURT OVERRULES BARELA'S OBJECTION TO THE PSR'S CONCLUSION THAT ROBBERY IS A "CRIME OF VIOLENCE."**

Barela first objects to the PSR's base offense level calculation of 24. The calculation is based on the conclusion that Barela "committed the instant offense subsequent to sustaining two felony convictions of a crime of violence pursuant to § 2K2.1(a)(2)." Addendum at 1. Section 4B1.2(a) defines the term "crime of violence." U.S.S.G. § 4B1.2(a). Barela objects to the conclusion that his prior robbery conviction constitutes a crime of violence under § 4B1.2(a). See Objections at 1. The Court overrules Barela's objection.

Under the Guidelines, a "crime of violence" can in part be any offense under "federal or state law punishable by imprisonment for a term exceeding one year[] that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." U.S.S.G. § 4.B1.2(a)(1). The Guidelines then enumerate a list of several crimes that can constitute crimes of violence. See U.S.S.G. § 4.B1.2(a)(2). These offenses include "burglary of a dwelling, arson, or extortion, [and crimes that] involve[] the use of explosives . . . ." U.S.S.G. § 4.B1.2(a)(2). Although § 4B1.2(a)(2) further states that crimes of violence may also include crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," the Supreme Court has held identical language in the Armed Career Criminal Act, 18 U.S.C. § 924(3)(2)(B)(ii) to be unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551, 2554 (2015)("Johnson"). Every Court of Appeals except the Eleventh Circuit has "held or assumed that Johnson makes the language in § 4B1.2(a)(2) of the Sentencing Guidelines unconstitutional." In re Clayton, 2016 WL 3878156, at *1 (11th Cir. July 18, 2016)(Martin, J., concurring). See United States v. Soto–Rivera, 811 F.3d 53 (1st Cir. 2016); United States v. Welch, ___ F. App'x ___, 2016 WL 536656 (2d Cir. Feb. 11, 2016); United States v. Townsend, 638 F. App'x 172 (3d Cir. 2015); United States v. Frazier, 621 F. App'x 166 (4th Cir. 2015);

United States v. Estrada, No. 15-40264, Order (5th Cir. Oct. 27, 2015); United States v. Pawlak, 822 F.3d 902 (6th Cir. 2016); Ramirez v. United States, 799 F.3d 845 (7th Cir. 2015); United States v. Taylor, 803 F.3d 931 (8th Cir. 2015); United States v. Benavides, 617 F. App'x 790 (9th Cir. 2015); United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015); In re Booker, No. 16-3018, Order (D.C. Cir. June 10, 2016).

The Tenth Circuit expressly provides that "the residual clause is unconstitutionally vague, and cannot be used to justify the enhancement of [a defendant's] sentence." United States v. Madrid, 805 F.3d at 1210. Accordingly, the Court concludes that it cannot use the residual clause in § 4B1.2(a)(2) for classifying robbery as a predicate prior offense of conviction.[1]

Still, the Tenth Circuit directs district courts to otherwise determine whether robbery is a crime of violence, in accordance with the Guidelines, by inquiring whether: (i) "it is one of the offenses enumerated in the Guidelines or accompanying commentary as a crime of violence;" or (ii) "it 'has as an element the use, attempted use, or threated use of physical force against the person of another.'" United States v. Madrid, 805 F.3d at 1207 (quoting U.S.S.G. §4B1.2(a)(emphasis added)). In fact, the Guideline's accompanying commentary lists "robbery" as a crime of violence. See U.S.S.G. § 4B1.2 cmt., n.1. Such commentary is authoritative "unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993).

Moreover, the Application Notes to § 2K2.1 -- the section under which the PSR determines the base offense level -- state that "crime of violence" has "the meaning given that

---

[1]Three months ago, the Supreme Court granted certiorari to determine whether Johnson's vagueness analysis applies to invalidate § 4B1.2's residual clause. See Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016).

term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."  U.S.S.G. § 2K2.1 App., Note 1.   Under the Tenth Circuit's analysis, then, because robbery is listed as an enumerated crime of violence in the accompanying commentary, it constitutes a crime of violence -- so long as New Mexico's robbery definition largely aligns with the generic definition. See United States v. Madrid, 805 F.3d at 1207 (stating that an offense qualifies as a crime of violence if either: (i) the crime includes the element of force against another person; or (ii) it "is one of the offenses enumerated in the Guidelines or accompanying commentary" (emphasis added)).  See also United States v. Kornegay, 2016 WL 877950, at *4 (2d Cir. March 8, 2016)(concluding that, because "robbery is specifically listed as a crime of violence in the applicable Guidelines Commentary," the Second Circuit could affirm the defendant's sentence without resorting to the residual clause); United States v. Mobley, 687 F.3d 625, 629 (4th Cir. 2012)(stating that "[t]he crimes specified in Application Note 1 of the Commentary to § 4B1.2 serve as additional enumerated offenses"); United States v. Hinton, 2016 WL 632447, at *2 (E.D.N.C. Feb. 17, 2016)(Flanagan, J.)(stating that § 4B1.2, n.1 "suggest[s that] offenses enumerated in Application Note 1 may be considered crimes of violence under either § 4B1.2(a)(1) or (2)").

In considering its inclusion amongst the enumerated offenses, the Court must define robbery in "the generic sense in which the term is . . . used in the criminal codes of most states," and then compare those elements to the relevant prior offense of conviction.  Taylor v. United States, 495 U.S. 575, 598 (1990).  Generally, "robbery" is defined as a "common-law felony" that requires a trespassory taking and carrying away of the personal property of another with the intent to steal it, where that property is taken from the person or presence of the other, and the taking is accomplished by means of force or putting in fear.  United States v. Hinton, 2016 WL

632447, at *3 (citing Wayne R. LaFave, Substantive Criminal Law § 20.3 (2d ed.)).   New Mexico's statute adheres to that definition.   See N.M. Stat. Ann. § 30-16-2.   Under the prevailing, generic definition, New Mexico's crime of common-law robbery thus categorically qualifies as the enumerated offense of "robbery."

Furthermore, the Tenth Circuit has already concluded that New Mexico's robbery statute constitutes a crime of violence under § 4B1.2(a)(1).   See United States v. Lujan, 9 F.3d 890, 892 (10th Cir. 1993)("The New Mexico robbery statute also contains the required element of force . . . .").   As mentioned, Section 4B1.2(a)(1) in part defines "crime of violence" as being any federal or state offense that is punishable by more than one year in prison, and contains an element involving "the use, attempted use, or threatened use of physical force against the person of another."   U.S.S.G. § 4B1.2(a).   New Mexico's robbery definition "consists of the theft of anything of value from the <u>person of another</u> or from the immediate control of another, <u>by use or threatened use of force or violence</u>."   N.M. Stat. Ann. § 30-16-2 (emphasis added).   Contrary to Barela's objection, then, New Mexico's robbery statute specifies that the use of force must be against "the person of another" by providing that the defendant must take a thing of value from another person or that person's immediate control "<u>by</u> use or threatened use of force or violence."   N.M. Stat. Ann. § 30-16-2.   <u>Cf.</u> <u>United States v. Kornegay</u>, 2016 WL 877950, at *4 (concluding that New York's robbery definition constitutes a "crime of violence" under § 4B1.2(a)(1), because it "prohibits '*forcibly* steal[ing] property'")(emphasis and alterations in original)). The Tenth Circuit thus expressly found that the "New Mexico robbery statute also contains the required element of force" and that the district court appropriately used the robbery conviction to enhance a defendant's sentence.   <u>United States v. Lujan</u>, 9 F.3d at 892.   The Court therefore overrules Barela's first objection, because robbery constitutes a "crime of violence."

II.     **THE COURT LIKEWISE OVERRULES BARELA'S OBJECTION TO THE 4-LEVEL ENHANCEMENT UNDER § 2K2.1(b)(6)(B).**

Barela next objects to the 4-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), which applies to possession of any firearm "in connection to another felony."   U.S.S.G. § 2K2.1(b)(6)(B).  The PSR applies the enhancement because Barela was "found in possession of a firearm" in connection with "the felony offenses of Possession of a Controlled Substance," including heroin, cocaine, and methamphetamine.  Addendum at 2.  See PSR ¶ 20, at 5.  Barela objects by arguing that no facts show that he possessed the gun "in connection to the possession of the drugs," because he would not need the gun to protect the "personal use quantities of drugs."  Objections at 3-4.

The Application Notes for § 2K2.1(b)(6)(B) address this situation.  See U.S.S.G. § 2K2.1 App., Note 14(B). They state that the enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs . . . because the presence of the firearm has the potential of facilitating another felony offense . . . ."  U.S.S.G. § 2K2.1 App. Note 14(B).

Further, because firearms are generally tools of the drug trade, the Tenth Circuit has stated that "a weapon's proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under § 2K2.1(b)[(6)]."  United States v. Bunner, 134 F.3d 1000, 1006 (10th Cir. 1998).  See United States v. Gambino-Zavala, 539 F.3d 1221, 1230 (10th Cir. 2008)(affirming a § 2K2.1(b)(6) enhancement when a shotgun and ammunition were found in a closet of a joint occupant's apartment, because "the shotgun had the potential to facilitate illegal drug transactions by helping [the defendant] protect himself and his drug supply.").  Although other Courts of Appeal have held that close proximity of a firearm to drugs is not always sufficient to apply § 2K2.1(b)(6) when the defendant possesses a small amount of drugs,

the Tenth Circuit has concluded that "possession of a firearm may facilitate an offense by emboldening the possessor to commit the offense." United States v. Justice, 679 F.3d at 1255. See United States v. Bunner, 134 F.3d 1000, 1006 (10th Cir. 1998)("[W]e have generally held that if the weapon facilitated or had the potential to facilitate the underlying felony, then enhancement under § 2K2.1(b)[(6)] is appropriate.").

The Tenth Circuit has stated that carrying a firearm has the potential to facilitate mere possession of drugs. See United States v. Justice, 679 F.3d at 1255. Like Barela, the Defendant in United States v. Justice "was carrying methamphetamine on his person." United States v. Justice, 679 F.3d at 1255. "[A] reasonable person could find that the firearms gave him a sense of security emboldening him to venture from his home with drugs that someone might wish to take from him by force." United States v. Justice, 679 F.3d at 1255. "When the defendant is out and about, with drugs on his person and a loaded firearm within easy reach, one can infer that the proximity of the weapon to the drugs is not coincidental and that the firearm 'facilitated, or had the potential of facilitating,' the drug offense by emboldening the possessor." United States v. Justice, 679 F.3d at 1255.

Other Courts of Appeal agree. For example, the United States Court of Appeals for the Eighth Circuit has stated: "When a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender." United States v. Fuentes Torres, 529 F.3d 825, 827 (8th Cir. 2008). See United States v. Swanson, 610 F.3d 1005, 1008 (8th Cir. 2010)(holding, where a defendant had drugs in his pocket, and a loaded gun between the driver's seat and the center console, that, "[i]f the district court does find that the possession of a firearm facilitated or had

the potential to facilitate a drug possession it will rarely be clearly erroneous").  Accordingly, the

Court overrules Barela's objection to the application of the § 2K2.1(b)(6)(B) enhancement.

      **IT IS ORDERED** that Defendant's Amended Objections to Pre-Sentence Report, filed

July 26, 2016 (Doc. 38), are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*

Damon P. Martinez
  United States Attorney
David M. Walsh
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Irma Rivas
  Assistant Federal Public Defender
Albuquerque, New Mexico

      *Attorney for the Defendant*